UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW T. SHERSTAD, in pro per,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>Defendants. | 2:10-CV-946 JCM (PAL) |

**ORDER**

Presently before the court is Countrywide Home Loans, Inc.'s (hereinafter "Countrywide") motion to dismiss (doc. # 7). Plaintiff Andrew Sherstad, appearing pro se, filed an opposition (doc. # 10), and defendant filed a reply. (Doc. #11).

Plaintiff filed his complaint in the Eighth Judicial District Court on June 1, 2010, against defendant Countrywide. (Doc. #1). Defendant Countrywide removed the action to this court (Doc. #1) on June 17, 2010, based on federal question jurisdiction. Plaintiff's complaint contains the following claims: 1) "wrongful foreclosure conducted in violation of TILA, HOEPA, REG Z and state non-judicial foreclosure statutes;" 2) "reversal and cancellation of illegal foreclosure and NOD;" 3) "temporary restraining order preliminary and permanent injunction;" and 4) "deceptive and unfair lending practices." (Doc. #1).

Plaintiff's claims stem from the foreclosure of his property located at 36 Pine Blossom Avenue, North Las Vegas, Nevada. In March 2007, plaintiff executed the notes and corresponding deeds of trust in connection with this property to defendant Countrywide. Plaintiff ceased making

**James C. Mahan**
**U.S. District Judge**

1  mortgage payments in February 2009.  To date, Countrywide has not commenced foreclosure
2  proceedings on plaintiff's property. However, notice of default was recorded on August 18, 2009 by
3  plaintiff's homeowners association due to his failure to pay monthly fees.  (Doc. # 7, Exh. B).

4      Defendant Countrywide seeks to dismiss plaintiffs' complaint for failure to state a claim upon
5  which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  A complaint that lacks a cognizable legal
6  theory or states insufficient facts under a cognizable legal theory may be dismissed as a matter of
7  law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

8      The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise
9  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.
10 1955, 1965, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must plead more than conclusory allegations
11 to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. As plaintiff failed to plead more
12 than conclusory allegations and his complaint lacked any cognizable legal theories, dismissal is
13 appropriate as explained below.

14     Plaintiff's first claim for relief, wrongful foreclosure, fails because the plaintiff does not
15 allege that his property has been subject to a foreclosure sale by defendant Countrywide.

16     Additionally, plaintiff's claim for violation of the Truth in Lending Act is time-barred. A
17 claim under TILA must commence within one year of the consummation of the transaction. *See
18 King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Therefore, this claim must be dismissed.
19 Plaintiff also requests rescission of the transaction he entered into with defendant. However, plaintiff
20 is not entitled to rescission, because he has failed to make payments on the mortgage loan.

21     Plaintiff's second claim for reversal and cancellation of foreclosure must likewise be
22 dismissed as defendant stated that it has not recorded a notice of default and has not instituted
23 foreclosure proceedings.

24     Plaintiff's fourth claim for relief, "violation of unfair lending practices," fails because under
25 N.R.S. § 11.190(3)(1), civil claims must be filed within three years.  Here, defendant entered into
26 the mortgage transaction in March 2007, and filed the present action in May 2010.  Therefore,
27 plaintiff's claim is time-barred by the statute of limitations.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Additionally, plaintiff's claim under N.R.S. 598D fails because the Nevada state statute does not apply to residential mortgage transactions.

Plaintiff's third claim "for temporary restraining order preliminary and permanent injunction," is dismissed because it is not a cause of action but rather an equitable remedy. Plaintiff is not entitled to this remedy because his other claims have failed.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Countrywide's motion to dismiss (doc. # 7), be and the same hereby is GRANTED.

DATED July 29, 2010.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -